IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD O. PARKER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 16-979-RGA |
| DEPUTY BUREAU CHIEF WERDAL LURYD, et al., | : |
| Defendants. | : |

Richard O. Parker, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 28, 2016
Wilmington, Delaware

*[signature: Richard G. Andrews]*
ANDREWS, U.S. District Judge:

Plaintiff Richard O. Parker, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the Complaint (D.I. 3) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## BACKGROUND

Parker suffers from diabetes, gout, and other medical conditions. He takes medication, but not insulin. Parker alleges that food is served cold at various housing units, that the food is nutritionally inadequate, and that cooks permit food substitution. Parker alleges that he receives inedible food, constantly receives food in cold diet trays (for example, oatmeal and cream of wheat that are coagulated, pancakes and french toast arrive cold so that butter will not spread on them), and food that arrives in large pans served from a veggie serving cart that is not designed to serve hot food. Parker alleges that on November 26, 2015, he met with dietitian Gina Ferretti concerning his diet, and that she texted Defendant food service director Christopher Senato outlining specific diet changes. To date, the changes have not been made. Finally, Parker alleges that he complained to Defendants about his medical diet that is high in soy and that the same diet is served to the general population. Plaintiff seeks class certification, punitive damages, and declaratory and injunctive relief.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless

2

amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Conditions of Confinement**

Parker's claim that food is served cold is construed as an Eighth Amendment conditions of confinement claim. Conditions of prison confinement violate the Eighth Amendment only if they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Atkinson v. Taylor*, 316 F.3d 257, 272 (3d Cir. 2003). The issue of serving cold food has been considered and rejected by other courts. The provision of cold food is not, by itself, a violation of the Eighth Amendment as long as the food is nutritionally adequate and is "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Brown v. Detella*, 1995 U.S. Dist. Lexis 13260, at *8 (N.D. Ill. Sept. 7, 1995) (citing *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)). Thus, "while prisoners are guaranteed a nutritionally adequate diet under the Eighth Amendment, *see Ramos*[, 639 F.2d at 571], there is no constitutional right to hot meals." *Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008) (rejecting claim that prison's failure to provide two hot meals a day constituted a violation of inmate's constitutional rights; *Brown–El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (finding frivolous prisoner's claim that his constitutional rights were violated when he was served cold food). Parker's claims that the food is nutritionally inadequate and inedible are pled in a conclusory manner and fail to state claims upon which relief may be granted.

Accordingly, the Court will dismiss the claims as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),

(ii) and § 1915A(b)(1). The Court liberally construes the Complaint and finds that Parker appears to have stated a cognizable claim against Senato for failing to provide him with a medically necessary diet.

**Personal Involvement/Respondeat Superior**

Named as defendants are Werdal Luryd, Deputy Bureau Chief - Food Services, Warden David Pierce, and C. Morris, who is in charge of the kitchen at the VCC, all supervisory officials. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. See *Iqbal*, 556 U.S. at 676–77; see also *Solan v. Ranck*, 326 F. App'x 97, 100–01 (3d Cir. 2009) (holding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Under the liberal notice pleading standard of Rule 8(a), Parker's complaint fails to allege facts that, if proven, would show personal involvement by any named defendant. See *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (a civil rights complaint is adequately pled where it states the conduct, time, place, and persons responsible).

The Complaint does not allege any direct or personal involvement by Luryd, Pierce, or Morris. Therefore, the claims will be dismissed. However, since it appears plausible that Parker may be able to articulate a claim against Defendants, or name alternative defendants, he will be given an opportunity to amend his pleading as to the issues of a proper medical diet, inedible food, and nutritionally inadequate food. *See*

5

*O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

**Class Action**

The Complaint contains class action allegations. In order for a court to certify a class action the named plaintiff must prove that he meets the requirements of numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23. The requirements set forth in Rule 23 are in the conjunctive. Therefore, a district court can only certify a class if all four requirements of Rule 23(a) are met. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 n.6 (3d Cir. 2008). Because all four of these elements must be met before a class action may be certified, the failure to satisfy any single element is fatal to any effort to characterize this case as a class action.

A class action can be maintained only if the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). Parker, a *pro se* inmate litigant, plainly intends to serve as this class representative. However, he is unable to satisfy the adequacy of representation factor because he is without sufficient legal education. *See Krebs v. Rutgers*, 797 F. Supp. 1246, 1261 (D.N.J. 1992) (denied class certification where *pro se* plaintiffs lacked legal education). *Pro se* litigants are generally not appropriate as class representatives. *See Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009). The proposed class action does not meet the threshold requirement that the representative party will fairly and adequately protect the interests of the class and, therefore, the purported class action lawsuit will not be permitted to

proceed forward as such. The Complaint will proceed solely on Parker's individual claims.

## CONCLUSION

For the above reasons: (1) Parker will be allowed to proceed with his medical diet claim against Senato; (2) the Court will dismiss all other remaining claims as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and § 1915A(b)(1); (3) the matter will not proceed as a class action; and (4) Plaintiff will be given leave to amend the medical diet inedible food, and nutritionally inadequate food claims.

An appropriate order will be entered.